UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PYROTECHNIQUE BY GRUCCI, INC.,

    Plaintiff,

v.                                      Case No. 3:18-cv-01404-J-34MCR

LLOYD SPONENBURGH, INDIVIDUALLY,
and: AUTOMATION MACHINE DESIGN, LLC.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On November 28, 2018, Plaintiff initiated the instant action, filing a five-count Complaint (Doc. 1, Complaint) against Defendants. The Complaint asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "complete diversity between the parties exist, and the amount in controversy exceeds $75,000." Id. at 2. Specifically, Plaintiff alleges that Plaintiff, Pyrotechnique by Grucci, Inc. (PbG) "is a corporation duly organized and existing under the laws of Virginia and, at all times relevant, maintains a place of business" in the state of Virginia. Id. Likewise, Plaintiff alleges that Defendant "Lloyd Sponenburgh is a citizen of the state of Florida" and Defendant Automation Machine Design, LLC. (AMD), "is a business entity organized and existing under the laws of the State of Florida, with a principle place of business" in Florida. Id. Finally, Plaintiff alleges that "upon information and belief, Mr. Sponenburgh is the managing partner of AMD." Id.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. In this regard, the Court must receive information regarding the citizenship of all the members of a limited liability

2

company, not just its managing members. Id. On the other hand, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). In alleging a corporation's principal place of business, the Hertz Court has adopted a

> "nerve center" test . . . . The "nerve center" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is generally the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Wylie v. Red Bull N. Am., Inc., 627 Fed. Appx. 755, 757–58 (11th Cir. 2015) (internal citations and quotations omitted).[1] Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

On review of the Complaint, it appears Plaintiff has not alleged sufficient information to determine the citizenship of all the parties to this action. In regard to alleging its own citizenship, Plaintiff asserts that PbG "is a corporation duly organized and existing under the laws of Virginia and, at all times relevant, maintains a place of business" in the state of Virginia. Complaint at 2 (emphasis added). However, in doing so, Plaintiff

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir.2000) (per curiam); see generally FED. R.APP. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

has merely alleged a place of business, but has not alleged its principal place of business. As noted above, and as directed by the Supreme Court in Hertz, when identifying the principal place of business of a corporation, the Plaintiff must allege facts that refer to the corporation's "nerve center," that being "the place where a corporation's officer's direct, control, and coordinate the corporation's activities." Wylie, 627 Fed. Appx. at 757. As such, Plaintiff's allegations regarding its citizenship are insufficient.

Likewise, in alleging the citizenship of Defendant AMD, Plaintiff states AMD "is a business entity organized and existing under the laws of the State of Florida, with a principle place of business" in Florida. Complaint at 2. Additionally, Plaintiff alleges that "upon information and belief, Mr. Sponenburgh is the managing partner of AMD." Id. By alleging facts regarding the state in which AMD is organized and its principal place of business, Plaintiff's allegations seem to suggest that AMD is a corporation. However, in the Complaint, Plaintiff identifies AMD as an LLC. Id. ("[d]efendant Automation Machine Design, LLC ('AMD') is a business entity"). AMD cannot be both a corporation and a limited liability company. Hence, Plaintiff must clarify AMD's business structure. If, despite its name, AMD is a corporation, then based on the allegations in the Complaint, see Complaint at 2, the Court is able to determine the citizenship of AMD. Conversely, if AMD is a limited liability company, Plaintiff must allege the citizenship of each of AMD's members, and not just the citizenship of AMD's managing member, Defendant Lloyd Sponenburgh. See Rolling Greens MHP, L.P., 374 F.3d at 1022.

Accordingly, the Court finds that Plaintiff's allegations as to the citizenship of itself and Defendant AMD, are insufficient to allow the Court to satisfy its obligation to assure

4

complete diversity exists before exercising jurisdiction over this action.[2] As such, the Court will afford Plaintiff[3] an opportunity to provide the Court with sufficient information to establish its citizenship and that of Defendant AMD, and thereby the Court's diversity jurisdiction over the instant action.

It is therefore **ORDERED**: Plaintiff shall have until **January 2, 2019**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville on this 12th day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies:
Counsel of Record

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").